# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR06-0027 |
| vs. | **ORDER** |
| MICHAEL WAYNE MITCHELL, | |
| Defendant. | |

_____

This matter comes before the court pursuant to the government's motion for detention made at the defendant's initial appearance before a judicial officer. The court held a hearing on this motion on April 7, 2006, at which the defendant was present and represented by Assistant Federal Public Defender Casey D. Jones. The government was represented by Assistant United States Attorney C.J. Williams. The government's motion for detention is granted.

The defendant is charged with possessing ammunition as a convicted felon on January 6, 2006, possessing ammunition on January 6, 2006, as a convicted misdemeanor domestic violence defendant, and possessing cocaine on January 6, 2006.

The defendant's criminal history shows that he was convicted of possession of a controlled substance with intent to deliver in 1982, carrying a concealed weapon in 1986, criminal mischief in 1993, possession of a controlled substance in 1993, driving while barred in 1994, driving while license suspended in 1996, criminal mischief in 1996, disorderly conduct in 1996, assault in 1996, domestic abuse assault in 1998, manufacture/delivery/conspiracy-100 grams of heroin in 2005, and possession of controlled substance in 2005. A number of the defendant's convictions were for offenses committed while on some form of supervision or release.

The government's evidence in this case is strong. Ammunition was found in the defendant's automobile. He claims it was there because it had been taken from somebody who should not have it. The defendant was on probation for a very serious drug offense at the time and the government possesses significant information to suggest that the defendant has not stopped dealing in controlled substances while on probation.

## CONCLUSIONS OF LAW

Pursuant to Title 18, United States Code § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community in deciding whether to grant the government's motion for detention. Detention can be based on a showing either of dangerousness or risk of flight, both are not required. United States v. Fortna, 769 F.2d 243 (5th Cir. 1985). The standard is "reasonable assurance"; the court cannot order the detention because there are no conditions which would guarantee appearance and safety. United States v. Orta, 760 F.2d 887 (8th Cir. 1985). The grounds relied upon by a judicial officer to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or the community must be supported by clear and convincing evidence. However, the burden of proof on the issue of risk of flight is by a preponderance of the evidence. United States v. Orta, supra.

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning -- (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was

on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

In this case, the defendant has been convicted of a number of offenses committed while on some form of supervision. He is currently on supervision for a serious drug trafficking offense and the government's evidence of his possession of ammunition and drugs together with evidence that he is currently dealing drugs is disturbing.

The court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above. Pursuant to the evidence and the rebuttable presumption of § 3142(e), the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community upon the defendant's release. The court finds by a preponderance of the evidence that the release of the defendant would pose a serious risk of flight. The defendant was advised in open court of his right to a prompt resolution of any appeal of this order.

Upon the foregoing,

IT IS ORDERED

1. That the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

April 10, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT